In the Matter of the Claim of HELEN MANDEL, Appellant, against LANE LIFEBOAT & DAVIT CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [See 279 App. Div. 1109.]

In the Matter of the Claim of LOUIS ROTUNDO, Respondent, against TODD SHIPYARDS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The original decision of this court reversing the award and remitting the matter to the Workmen's Compensation Board is vacated and set aside. Upon reargument the award is affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [See 279 App. Div. 961, 1106.]

In the Matter of the Claim of ANDREW SEAMAN, Respondent, against ENDI-COTT JOHNSON CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from that part of a decision of the Workmen's Compensation Board which held that the reimbursement provisions of paragraph (d) of subdivision 8 of section 15 of the Workmen's Compensation Law were inapplicable. Claimant sustained accidental injuries on two different occasions while working for the same employer, one in 1945 and the other in 1948. The board credited appellant with 78 weeks of disability compensation previously paid by the employer for the accident of 1945. For the 1948 accident it directed compensation for 85.8 weeks on the basis of permanent partial disability computed under the schedule provided in paragraph a of subdivision 3 of section 15 of the Workmen's Compensation Law. Appellant contended before the board that since the combined period of disability as the result of both accidents totalled 163.8 weeks, it was entitled to reimbursement from the Special Disability Fund for anything above 104 weeks. The board held that appellant was not entitled to reimbursement under subdivision 8 of section 15 unless its liability as a result of the second accident exceeded 104 weeks. Decision affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

In the Matter of the Claim of FRANCES DE MARIA, Respondent, against PERSICO BROTHERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits to the widow and two minor children of a deceased employee. Decedent was killed on July 16, 1948, in a collision between a Galion gasoline roller which he was then operating and an automobile. The accident happened on Henrietta Street in the city of Amsterdam where the alleged employer was engaged in resurfacing and repairing a street. Appellant contends that the deceased was not an employee of the alleged employer. We think the evidence was such that the board could in the exercise of its factual powers draw the inference that decedent was an employee at the time of the accident. We cannot say as a matter of law that the finding of the board in that respect is without any reasonable basis. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.