◼   In the Matter of the Claim of HERMAN HARTZELL, Respondent, against GENERAL FOODS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board finding that an advance payment of compensation was made which excused the late filing of the claim. Sometime in July, 1954 ammonia squirted on the claimant's nose in the course of his work as a compressor operator. This resulted in a small burn but the claimant lost no time from work. This incident was reported by the claimant to his foreman. On April 15, 1955 the claimant received his annual physical examination at the plant. At that time he gave the history of the incident to Dr. Robinson and the faint trace of a light colored scar was present. At the next annual physical on March 6, 1956 there was a definite raise on the skin present and Dr. Robinson advised him to have something done about it. Dr. Robinson was to make arrangements for him to see a specialist but he neglected to do this. Dr. Robinson saw him again on June 27, 1956 in connection with another compensation case, a hand laceration, when he again advised him to see a specialist. Although Dr. Robinson admitted he received

a history of a compensable accident he did not file any reports of such. An appointment was finally made for the claimant to see Dr. Tuttle and this he did on September 15, 1956. It appears that the claimant saw Dr. Tuttle for treatment on about eight occasions. The treatment included a surgical excision of what was diagnosed as skin cancer and X-ray therapy. A claim for compensation was filed on October 14, 1956. The Referee found that the employer had provided medical care and treatment and that therefore the two-year period of limitation for filing of claims was inapplicable. Thereafter the case was closed with a finding of no serious facial disfigurement. The appellants sought a review by the board which affirmed the Referee's decision. The appellants contend that there was no proof of treatment by a doctor which would toll the Statute of Limitations and that the claim is therefore barred by section 28. The respondent maintains that substantial evidence supports the board's finding of an advance payment of compensation. The question presented here is whether or not the actions of Dr. Robinson in regard to the claimant constituted an advance payment of compensation. Such advice was given on three occasions when the doctor was acting for the employer and the board could properly find that it was rendered on behalf of the employer and constituted an advance payment of compensation. (*Matter of Rotunda* v. *Todd Shipyards Corp.*, 279 App. Div. 961, revd. 280 App. Div. 904; *Matter of Salemi* v. *Farrand Optical Co.*, 302 N. Y. 837.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.